IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bilal A. Al-Haqq a/k/a Bilal Abdullah Al-Haqq a/k/a Michael Dion McFadden, )<br><br>Plaintiff, )<br><br>v. )<br><br>William R. Byars, Jr., *Director*; et al., )<br><br>Defendants. ) | Civil Action No.2:13-02043-JFA-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The Plaintiff, a state prisoner proceeding *pro se*, brought this action pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon Plaintiff's Motion for Preliminary Injunction. (Dkt. No. 3.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

The Plaintiff brought this action on or about July 16, 2013. (Dkt. No. 1.) At the same time he filed his Complaint, he filed a Motion "for Injunctive Relief," docketed as a Motion for Preliminary Injunction. (Dkt. No. 3.)

In Plaintiff's motion, Plaintiff "requests that Corporal Bryant not be allowed within 30 feet of the Plaintiff and that there be no contact between the two." (Dkt. No. 3.) Plaintiff also requests an MRI for his injuries, that Plaintiff "receive adequate medical care," and that Plaintiff "receive outside care for his eyes." (Id.)

Traditionally, a preliminary injunction "protect[s] the status quo . . . to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litigation, 333 F.3d 517, 525 (4th Cir. 2003) (abrogated on other grounds by eBay, Inc. v.

MercExchange, L.L.C., 547 U.S. 388 (2006)). In contrast, mandatory preliminary injunctions "generally do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." Id. at 526 (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)). "[A] mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind." Id. A preliminary injunction is "an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). To obtain a temporary restraining order ("TRO") or preliminary injunction, a plaintiff must show:

(1) that he is likely to succeed on the merits,

(2) that he is likely to suffer irreparable harm in the absence of preliminary relief,

(3) that the balance of equities tips in his favor, and

(4) that an injunction is in the public interest.

Id. at 20.

The undersigned recommends denying Plaintiff's Motion for Preliminary Injunction (Dkt. No. 3.) In Taylor v. Freeman, 34 F.3d 266 (4th Cir. 1994), the Fourth Circuit considered a district court's issuance of a mandatory injunction ordering prison officials to take specific actions–related to decreasing the inmate population at North Carolina's Morrison Youth Institution–by certain dates. See Taylor, 34 F.3d 266. Vacating the district court's order, the Fourth Circuit stated,

It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities. As the District of Columbia Circuit observed in Inmates of Occoquan v. Barry, 844 F.2d 828 (D.C.Cir.1988), "in carrying out their remedial task, courts are not to be in the business of running prisons. The cases make it plain that questions of prison

administration are to be left to the discretion of prison administrators." <u>Id</u>. at 841 . . . .

<u>Taylor</u>, 34 F.3d at 268. The Fourth Circuit further cautioned that "[e]ven when there has been a finding on the merits that unconstitutional conditions exist, federal courts should proceed cautiously and incrementally in ordering remediation so as not to assume the role of prison administrators." <u>Id</u>. at 269.

Although <u>Taylor</u> involved the overcrowding of prisons, the teachings are applicable, as there is a clear comity concern in the instant case. <u>See Taylor</u>, 34 F.3d at 268-69; <u>see also Preiser v. Rodriguez</u>, 411 U.S. 475, 491-92 (1973). As noted in <u>Winter</u>, a preliminary injunction is "an extraordinary remedy never awarded as of right." <u>Winter</u>, 555 U.S. at 24. Furthermore, a plaintiff seeking injunctive relief must show that all four of the <u>Winter</u> factors support granting relief. <u>See Winter</u>, 555 U.S. at 20; <u>see also Direx Israel, Ltd. v. Breakthrough Med. Corp.</u>, 952 F.2d 802, 812 (4th Cir. 1991) (noting that the plaintiff "bears the burden of establishing that each of these factors supports granting the injunction" (quoting <u>Technical Publishing Co. v. Lebhar-Friedman, Inc.</u>, 729 F.2d 1136, 1139 (7th Cir. 1984))).

Plaintiff's motion should be denied because he has not shown that all four of the <u>Winter</u> factors support granting relief. In fact, Plaintiff's motion did not even address the <u>Winter</u> factors. Plaintiff has not shown that he is likely to succeed on the merits; his motion simply lists the relief requested. Moreover, Plaintiff has not shown that the balance of equities tips in his favor, or that an injunction is in the public interest. Because Plaintiff has not shown that all four <u>Winter</u> factors support granting his motion, the undersigned recommends denying Plaintiff's Motion for Preliminary Injunction (Dkt. No. 3).

## <u>CONCLUSION</u>

Wherefore, it is RECOMMENDED that Plaintiff's Motion for Preliminary Injunction (Dkt. No. 3) be DENIED.

IT IS SO RECOMMENDED.


s/Bruce Howe Hendricks
United States Magistrate Judge

December 31, 2013
Charleston, South Carolina


**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).