IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bilal A. Al-Haqq, ) | C/A No. 2:13-2043-JFA-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| William R. Byars, Jr., Director; Warden John ) | |
| Pate; Major Walter Worrick; Lt. Jennings, ) | |
| SMU; Sgt. A. DeLoach; Corporal Bryant, ) | |
| SMU; Ofc. Ford; Ofc. Frasier; Dr. Thomas E. ) | |
| Byrne; Nurse Alecia Jones-Thompson, in their ) | |
| official and individual capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Bilal A. Al-Haqq, is an inmate with the South Carolina Department of Corrections. At the time of the incidents giving rise to this action, the plaintiff was housed at the Allendale Correctional Institution. He brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights including deliberate indifference to this medical needs, excessive force, and retaliation. At the time of the filing of his complaint, plaintiff filed a motion for a preliminary injunction seeking to enjoin any contact with defendant Bryant and also requesting medical care for his injuries.

The Magistrate Judge assigned to this action[1] has prepared a Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Recommendation and opines that the plaintiff's motion for a preliminary injunction should be denied. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation and he has filed timely objections thereto. The court will address the objections herein.

As the Magistrate Judge notes in her Report, to obtain a temporary restraining order (TRO) or preliminary injunction, plaintiff must show that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Magistrate Judge recommends denial of the plaintiff's motion because the plaintiff has not shown, nor has he addressed, the *Winter* factors.

In his objections to the Report, plaintiff indicates that he has received an MRI as was requested in his motion, therefore, the MRI is not an issue any longer in this litigation. The plaintiff otherwise objects to the Report stating that he has "never so much as heard of the Winter case" and is not trained in the law. He then simply recites the factors in *Winter*, stating, "The plaintiff claims that without the court's help he is likely to suffer irreparable harm; that the plaintiff is likely to succeed at trial; that the plaintiff has suffered and will suffer more if the injunction is denied than the defendants will suffer if it is granted; and a preliminary injunction will serve the public interest." Plaintiff then repeats his original claim that he continues to be retaliated against by defendant Cpl. Marvin Bryant, he has repeatedly

been denied treatment for his eyes, and is being denied therapy recommended by the orthopedic specialist. Merely stating the *Winter* factors in the affirmative does not avail the plaintiff with his burden to obtain relief. Therefore, the objections are overruled.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court adopts and incorporates the Report herein by reference. Accordingly, plaintiff's motion for a temporary restraining order (ECF No. 3) is denied.

The Clerk is directed to refer this action back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

March 25, 2014                             Joseph F. Anderson, Jr.
Columbia, South Carolina                   United States District Judge