IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bilal A. Al-Haqq, | ) | C/A No. 2:13-2043-JFA-WWD |
|            Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| William R. Byars, Jr., Director; Warden John Pate; Major Walter Worrick; Lt. Jennings, SMU; Sgt. A. DeLoach; Corporal Bryant, SMU; Ofc. Ford; Ofc. Frasier; Dr. Thomas E. Byrne; Nurse Alecia Jones-Thompson, in their official and individual capacity, | ) ) ) ) ) ) ) ) | |
|            Defendants. | ) ) ) | |

The *pro se* plaintiff, Bilal A. Al-Haqq, is an inmate with the South Carolina Department of Corrections. At the time of the incidents giving rise to this action, the plaintiff was housed at the Allendale Correctional Institution. He brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights including deliberate indifference to this medical needs, excessive force, and retaliation.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Recommendation and opines that the defendants' motion for summary judgment[2] should be granted for plaintiff's failure to exhaust his administrative remedies. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation which was docketed on August 7, 2014. The plaintiff has not filed timely objections. Instead, plaintiff seeks an extension of time to file a response to the Report, noting that he is responding to multiple orders dealing with separate cases; that he has to hand write all his pleadings and copies; and that he is without legal counsel and must wait for scheduled times to perform legal research.

As the Magistrate Judge notes in his Report and Recommendation, the plaintiff has failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The Magistrate Judge directed the defendants to supplement their motion for summary judgment on this specific issue and opines that the case should be dismissed without prejudice on the basis of failure to exhaust. This court agrees.

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court adopts and incorporates the Report herein by reference. Accordingly, the defendants' motion for summary judgment (ECF No. 70) is granted with respect to the plaintiff's failure to exhaust his administrative remedies. The dismissal of this

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motions.

action shall be without prejudice.  Plaintiff's motion for an extension of time to file objections (ECF No. 111) is denied.  Finally, plaintiff's remaining motions (ECF Nos. 22, 29, 36, and 49) are now moot.

    IT IS SO ORDERED.

September 3, 2014                       Joseph F. Anderson, Jr.
Columbia, South Carolina            United States District Judge

3